UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GLASS-INSPIRATION GMBH DESIGN + ENGINEERING,<br><br>Petitioner,<br><br>v.<br><br>M.G. MCGRATH, INC. GLASS & GLAZING,<br><br>Respondent. | Case No. 24-cv-3315 (LMP/DLM)<br><br>ORDER CONFIRMING ARBITRATION AWARD |

Carmen-Marie Carballo & Jevon Bindman, **Maslon LLP**, **Minneapolis, MN**, for Petitioner Glass-Inspiration GMBH Design + Engineering.

Caryn A. Boisen, **Larson King, LLP**, **St. Paul, MN**, for Respondent M.G. McGrath, Inc. Glass & Glazing.

Petitioner Glass-Inspiration GMBH Design + Engineering ("Glass-Inspiration") and Respondent M.G. McGrath, Inc. Glass & Glazing ("McGrath") arbitrated a commercial dispute before the International Court of Arbitration. *See* ECF No. 1-2. The arbitrators awarded Glass-Inspiration €936,220.79 and $189,774.50, plus interest.[1] *See id.* at 123–24. Glass-Inspiration now moves to confirm that arbitration award. *See* ECF No. 13. For the following reasons, the Court grants Glass-Inspiration's motion.

## FACTUAL BACKGROUND

In 2015, McGrath entered into a contract to perform labor and furnish materials for a construction project at St. Nicholas Greek Orthodox Church in New York City. ECF

---

[1]   The use of "€" denotes euros, and the use of "$" denotes American dollars.

No. 18 ¶ 2.  McGrath thereafter executed a contract with Glass-Inspiration, a company based in Austria, whereby Glass-Inspiration agreed to manufacture and supply glass and stone for the project.  *Id.*  The contract between Glass-Inspiration and McGrath contained an arbitration clause which provided that "[d]isputes . . . arising out of or in connection with this Agreement shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by three arbitrators appointed in accordance with the said Rules."  ECF No. 1-1 at 10.

A dispute later arose between Glass-Inspiration and McGrath over the quality of Glass-Inspiration's materials.  ECF No. 18 ¶ 3.  By January 2021, both parties claimed the other had breached the contract.  ECF No. 1-2 at 41.  The parties characterized this as an "ongoing dispute."  ECF No. 17 at 5.  Accordingly, Glass-Inspiration filed a request for arbitration with the International Court of Arbitration on April 25, 2022.  ECF No. 1-1 at 47.  McGrath asserted several counterclaims.  ECF No. 1-2 at 124.  An arbitration hearing was held in July 2023, and the parties submitted post-hearing briefs over the next several months.  *Id.* at 22–24.  On May 29, 2024, the arbitrators issued a final award dismissing McGrath's counterclaims and awarding Glass-Inspiration €936,220.79 and $189,774.50, plus interest.  *See id.* at 123–24.

McGrath has failed to pay, so Glass-Inspiration now petitions the Court for judicial confirmation of the arbitration award.  *See* ECF No. 1.  In response, McGrath argues that it filed an intent to dissolve with the Minnesota Secretary of State on July 1, 2021.  ECF No. 18-1.  McGrath asserts that because it published notice of its intended dissolution from August 5, 2021 to August 26, 2021, any claims from its creditors must have been made by

November 26, 2021.  ECF No. 17 at 2–3 (citing Minn. Stat. § 302A.727).[2]  Because Glass-Inspiration did not file its request for arbitration until April 25, 2022, McGrath argues that Glass-Inspiration's claim is time-barred.  *Id.* at 4–5.

## ANALYSIS

When parties agree to arbitrate, "a court cannot substitute a judicial determination for the arbitrator's decision."  *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1064 (8th Cir. 2003) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40–41 n.10 (1987)).  Courts "have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract."  *Med. Shoppe Int'l, Inc. v. Turner Invs, Inc.*, 614 F.3d 485, 488 (8th Cir. 2010).

Confirmation of foreign commercial arbitration awards specifically are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and the Federal Arbitration Act ("FAA"), which provides that the Convention "shall be enforced in United States courts."  9 U.S.C. § 201.  Under the Convention and the FAA, the first step for the Court is to conduct a "limited, four-part inquiry":

1. Is there an agreement in writing to arbitrate the subject of the dispute?
2. Does the agreement provide for arbitration in the territory of the signatory

---

[2]   On October 23, 2024, McGrath filed its Articles of Dissolution with the Minnesota Secretary of State.  ECF No. 18 ¶ 7.  McGrath was subsequently issued a Certificate of Dissolution noting that McGrath was deemed dissolved and its corporate existence was terminated as of October 23, 2024.  ECF No. 18-3.

3

>    of the Convention?
>
> 3. Does the agreement arise out of a legal relationship whether contractual or not, which is considered as commercial?
>
> 4. Is a party to the agreement not an American citizen, or does the commercial relationship have some reasonable relation with one or more foreign states?

*Polytek Eng'g Co., Ltd. v. Jacobson Cos.*, 984 F. Supp. 1238, 1240 (D. Minn. 1997) (citing *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186–87 (1st Cir. 1982)).  If the answers to these questions are "yes," then the Court must confirm the arbitration award unless "it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the . . . Convention."  9 U.S.C. § 207.  Relevant here, the Convention provides that an American court may refuse to confirm a foreign arbitration award if "recognition or enforcement of the award would be contrary to the public policy" of the United States.  Convention on the Recognition and Enforcement of Foreign Arbitral Awards, art. V(2)(b), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3.

McGrath accepts that the four-part inquiry is satisfied but argues that confirmation of the arbitration award would be "contrary to the public policy" of the United States because Glass-Inspiration did not timely pursue its claim after McGrath published its intent to dissolve.  ECF No. 17 at 4–5.  Therefore, says McGrath, confirmation of the award would trespass on the public policy interest in providing finality to dissolving corporations.  *Id.*  Because that argument is both forfeited and fails on the merits, the Court grants Glass-Inspiration's motion.

**I.      Forfeiture[3]**

"In general, federal courts do not permit a party to withhold an issue or argument during arbitration and then, upon losing, raise it to the reviewing court." *Boehringer Ingelheim Vetmedica, Inc. v. United Food & Com. Workers*, 739 F.3d 1136, 1140 (8th Cir. 2014); *see Med. Shoppe Int'l*, 614 F.3d at 489 (holding that parties waived public policy argument against arbitration award by raising it for the first time in their brief to the court). So, when a party "who contests the merits of an arbitration award in court fails to first present the challenges on the merits to the arbitrators themselves, review is compressed still further, to nil*.*" *Int'l Bhd. of Elec. Workers, Loc. Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1101 (8th Cir. 2004) (citation omitted) (internal quotation marks omitted). That rule serves the salutary purposes in preventing "sandbagging" by the losing party, *Boehringer Ingelheim Vetmedica*, 739 F.3d at 1140 (citation omitted), and the inequity that results from a party challenging "the legitimacy of the arbitration process, in which he had voluntarily participated over a period of several months," *Lewis v. Cir. City Stores, Inc.*, 500 F.3d 1140, 1149 (10th Cir. 2007) (citation omitted).

---

[3]      In an effort to clarify a common legal mistake, the Court offers this brief aside. In its reply brief, Glass-Inspiration argues that McGrath "waived" its argument by failing to raise it during the arbitration. ECF No. 19 at 3–4. Glass-Inspiration is not alone in its use of the term "waiver"; the Eighth Circuit has also used the term "waived" to refer to a party's failure to raise an argument during arbitration. *See, e.g.*, *Delta Mine Holding Co. v. AFC Coal Props, Inc.*, 280 F.3d 815, 821 (8th Cir. 2001). But there is a meaningful distinction between a *forfeited* argument, which is "one that a party has merely failed to preserve," and a *waived* argument, which is "one that a party has knowingly and intelligently relinquished." *Wood v. Milyard*, 566 U.S. 463, 470 n.4 (2012); *see State v. King*, 990 N.W.2d 406, 420 n.7 (Minn. 2023). Because Glass-Inspiration does not argue that McGrath knowingly and intelligently relinquished its "contrary to public policy" argument, the Court will use the more applicable term of "forfeiture" to describe McGrath's conduct.

Here, the record does not reflect that McGrath ever presented the arbitrators with its argument that the arbitration was time-barred by virtue of McGrath's intent to dissolve, even though the argument was plainly known to McGrath at the time arbitration was initiated. Indeed, it appears that McGrath took the necessary steps in Minnesota to dissolve well more than five months after it was on notice of Glass-Inspiration's claim that McGrath had breached the parties' contract. *See* ECF No. 1-2 at 41; ECF No. 18-1. McGrath's CEO does not state that such a "dissolution" or "public policy" argument was ever presented to the arbitrators, *see* ECF No. 18, and the arbitrators do not reference such an argument in their written award decision or even mention the fact that McGrath had published notice of an intent to dissolve, *see* ECF No. 1-2. Rather, McGrath defended itself in arbitration by arguing that it had overpaid Glass-Inspiration, that Glass-Inspiration breached the agreement with McGrath, and that Glass-Inspiration provided defective materials. *See id.* at 52–53. Having never raised the purported untimeliness of Glass-Inspiration's claim during the 25-month-long arbitration proceedings, McGrath may not do so now for the first time before this Court.[4] *See Med. Shoppe Int'l*, 614 F.3d at 489 (rejecting public policy argument against arbitration award that was not presented to the arbitrators).

---

[4] It is not lost on the Court that before the parties engaged in international arbitration, McGrath initially filed suit in this District in April 2022 to raise a breach of contract claim and an unjust enrichment claim against Glass-Inspiration. *See M.G. McGrath, Inc. Glass & Glazing v. HALE GmbH, d/b/a Glass Inspirations,* 22-cv-0987 (PJS/DJF), ECF No. 1 (D. Minn Apr. 19, 2022). There, McGrath alleged that it was a Minnesota company with its principal place of business in Minnesota. *Id.* ¶ 5. At no point in that litigation did McGrath state that it had intended to dissolve or raise a "public policy" argument like in the present case.

6

## II.   Merits of McGrath's Argument

The result would not change even if the Court elected to consider the merits of McGrath's argument. Under Minnesota law, a corporation that provides proper notice of its intent to dissolve may limit the time during which creditors and claimants may bring claims against the dissolving corporation. *See* Minn. Stat. § 302A.727. A corporation gives proper notice of its intent to dissolve "by publishing the notice once each week for four successive weeks in a legal newspaper in the county or counties where the registered office and the principal executive office of the corporation are located." *Id.*, subd. 1. However, for the corporation's "known creditors and claimants," the corporation must take the extra step of "giving written notice" to those creditors and claimants pursuant to Minn. Stat. § 302A.011, subd. 17. *Id.* When a corporation gives proper notice of its intent to dissolve, claims must be brought against the corporation within 90 days. Minn. Stat. § 302A.727, subd. 2(e). If proper notice is not given, a longer time limit applies. In those circumstances, claims must be brought within two years of the corporation filing its intent to dissolve with the Minnesota Secretary of State. Minn. Stat. § 302A.7291, subd. 3.

McGrath notes that it filed an intent to dissolve with the Minnesota Secretary of State on July 1, 2021, and that it published notice of its intended dissolution from August 5, 2021 to August 26, 2021. ECF Nos. 18-1, 18-2. Therefore, McGrath concludes that any claims from its creditors and claimants must have been made within 90 days of August 26, 2021 (i.e., by November 26, 2021).

7

That is true enough for McGrath's *unknown* creditors and claimants but not for McGrath's *known* creditors and claimants. Instead, McGrath needed to provide written notice directly to its known creditors and claimants for the 90-day time limit to apply. Minn. Stat. § 302A.727, subd. 1.

"A party is a known creditor if it is reasonably foreseeable to a debtor that the party has a potential claim." *Maxwell v. K Mart Corp.*, 880 F. Supp. 1323, 1340 (D. Minn. 1995). Here, there is no question that by July 1, 2021, it was reasonably foreseeable to McGrath that Glass-Inspiration had a potential claim against it; in fact, six months earlier, Glass-Inspiration had accused McGrath of breach of contract. ECF No. 1-2 at 41. And the parties' relationship only worsened from there. *See id.* at 41–44. Therefore, in order to limit Glass-Inspiration's window to bring a claim to 90 days, McGrath needed to provide written notice to Glass-Inspiration of McGrath's intent to dissolve. Minn. Stat. § 302A.727, subd. 1. There is no evidence that McGrath ever did so, and Glass-Inspiration's CEO maintains that the company never received such notice. ECF No. 20 ¶ 3. Glass-Inspiration therefore had two years from McGrath's filing of its intent to dissolve with the Minnesota Secretary of State to bring its claim. Minn. Stat. § 302A.7291, subd. 3. McGrath made that filing on July 1, 2021, ECF No. 18-1, meaning that Glass-Inspiration had to bring its claim by July 1, 2023. Glass-Inspiration did so, initiating international arbitration proceedings against McGrath on April 25, 2022. ECF No. 1-1 at 47. Accordingly, McGrath's argument that Glass-Inspiration's claim was time-barred is without merit.

### III. Attorneys' Fees

Finally, Glass-Inspiration seeks attorneys' fees and costs for McGrath's "bad faith refusal" to recognize the arbitration award. ECF No. 14 at 7–8. McGrath offers no argument in opposition to Glass-Inspiration's request.

A court may award attorneys' fees against a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Jaquette v. Black Hawk County*, 710 F.2d 455, 462 (8th Cir. 1983). "An unjustified refusal to abide by an arbitrator's award may constitute bad faith for the purpose of awarding attorneys' fees." *Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. United Farm Tools, Inc.*, 762 F.2d 76, 77 (8th Cir. 1985) (per curiam). This is a high standard: "courts interpret the term 'without justification' to mean to take an unreasonable, clearly wrong position—no matter how sincere the belief behind it." *OJ Com. LLC v. Amazon Servs. LLC*, No. 20-cv-20218, 2020 WL 7264273, at *4 (S.D. Fla. Nov. 4, 2020) (citation omitted) (internal quotation marks omitted).

Although Glass-Inspiration faces a high bar to obtain its fees and costs, the Court finds that Glass-Inspiration has cleared it. Glass-Inspiration and McGrath participated in a 25-month-long arbitration process, during which McGrath had ample opportunity to raise counterclaims and defenses to Glass-Inspiration's claims. After McGrath lost in arbitration, Glass-Inspiration sent letters to McGrath on three different occasions regarding its payment obligations under the arbitration award. ECF No. 1 ¶ 11; ECF No. 6 ¶ 12. McGrath never responded to Glass-Inspiration's letters, nor did it move to vacate or set aside the arbitration award. ECF No. 1 ¶ 12; ECF No. 6 ¶ 12.

McGrath's obstinance required Glass-Inspiration to bring the instant motion to

9

confirm the arbitration award. In response to that motion, McGrath surprised Glass-Inspiration with an entirely new argument that McGrath had never made during the 25-month-long arbitration process between the parties, even though that argument was known to McGrath well before arbitration was initiated. ECF No. 17. Not only was McGrath's argument premised on a misrepresentation of Minn. Stat. § 302A.727, but it was also plainly forfeited under Eighth Circuit case law.[5] *See Boehringer Ingelheim Vetmedica*, 739 F.3d at 1140. And McGrath does not even attempt to respond to Glass-Inspiration's request for attorneys' fees and costs.

The Court discerns significant parallels between this case and *United Farm Tools*. In that case, the Eighth Circuit affirmed an award of attorneys' fees against a party that refused to honor an arbitration award. 762 F.2d at 77. Central to the Eighth Circuit's decision were two facts: (1) the party "did not act to have the award set aside," and (2) the party "failed to show any substantial ground justifying its refusal to comply with the arbitrator's award." *Id.* The same can be said of McGrath, which "did not act to have the award set aside" and offered a clearly losing argument when faced with Glass-Inspiration's motion. *Id.* In keeping with *United Farm Tools*, the Court grants Glass-Inspiration's request for its reasonable attorneys' fees and costs incurred in bringing its petition and this motion.

---

[5]  In its brief, McGrath did not analyze the important distinction between known and unknown creditors under Minn. Stat. § 302A.727. Nor did McGrath even acknowledge that it had not made its untimeliness argument to the arbitrators. These shortcomings suggest that McGrath was less than fully candid with the Court.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Confirm Arbitration Award (ECF No. 13) is **GRANTED**;

2. The May 29, 2024 arbitration award in International Court of Arbitration Case No. 26994/FS/GL is **CONFIRMED**;

3. In accordance with the confirmed arbitration award, Petitioner is awarded the following judgment against Respondent:

    a. Petitioner is awarded €936,220.79 and $189,774.50;

    b. Petitioner is awarded simple interest at an annual rate of 8% on €1,076,220.79 for the time period of April 26, 2022 to May 25, 2022;

    c. Petitioner is awarded simple interest at an annual rate of 8% on €616,220.79 from May 26, 2022 until the judgment is satisfied;

    d. Petitioner is awarded simple interest at an annual rate of 8% on $26,776.50 from October 15, 2022 until the judgment is satisfied;

    e. Petitioner is awarded €77,582.94 for interest accrued on open and late payments through April 25, 2022; and

    f. Petitioner is awarded compound interest at an annual rate of 4% on €77,582.94 from April 26, 2022 until the judgment is satisfied; and

4. Petitioner is awarded its attorneys' fees and costs incurred in bringing its petition and motion to confirm the arbitration award. Glass-Inspiration is invited to submit a motion pursuant to Fed. R. Civ. P. 54 detailing its reasonable attorneys'

fees and costs. McGrath may submit a responsive brief to Glass-Inspiration's motion within 14 days after being served with the motion. L.R. 54.3(b). No reply brief will be permitted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 27, 2025         <u>s/Laura M. Provinzino</u>
                                Laura M. Provinzino
                                United States District Judge