# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

GLASS-INSPIRATION GMBH DESIGN + ENGINEERING,

        Petitioner,

v.

M.G. MCGRATH, INC. GLASS & GLAZING,

        Respondent.

Case No. 24-cv-3315 (LMP/DLM)

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

Carmen-Marie Carballo & Jevon Bindman, **Maslon LLP**, **Minneapolis, MN**, for Petitioner Glass-Inspiration GMBH Design + Engineering.

Caryn A. Boisen, **Larson King, LLP**, **St. Paul, MN**, for Respondent M.G. McGrath, Inc. Glass & Glazing.

This Court previously determined that Petitioner Glass-Inspiration GMBH Design + Engineering ("Glass-Inspiration") was entitled to its reasonable attorneys' fees and costs incurred in bringing its Petition to Confirm Arbitration Award (ECF No. 1) and its Motion to Confirm Arbitration Award (ECF No. 13). *See* ECF No. 22 at 9–10. Glass-Inspiration has now filed its Motion for Attorneys' Fees and Costs (ECF No. 25), detailing the fees and costs incurred in bringing the successful petition and motion. Respondent M.G. McGrath, Inc. Glass and Glazing ("McGrath") did not respond to the motion. For the following reasons, the Court awards Glass-Inspiration $21,250.00 in attorneys' fees and $929.70 in costs.

**FACTUAL BACKGROUND**

Glass-Inspiration and McGrath engaged in a 25-month international arbitration process, which culminated in a final award in Glass-Inspiration's favor of €936,220.79 and $189,774.50, plus interest. *See* ECF No. 1-1 at 46; ECF No. 1-2 at 22–24, 123–24. After McGrath lost in arbitration, Glass-Inspiration sent letters to McGrath on three different occasions regarding its payment obligations under the arbitration award. ECF No. 1 ¶ 11; ECF No. 6 ¶ 12. McGrath never responded to Glass-Inspiration's letters, nor did it move to vacate or set aside the arbitration award. ECF No. 1 ¶ 12; ECF No. 6 ¶ 12.

Accordingly, Glass-Inspiration petitioned and moved the Court for judicial confirmation of the arbitration award. See ECF Nos. 1, 13. Glass-Inspiration also moved for attorneys' fees and costs. ECF No. 14 at 7–8. In response, McGrath argued that Glass-Inspiration's claim was time-barred by Minnesota's corporate-dissolution statute—an argument that McGrath had never made during the 25-month arbitration process. ECF No. 17 at 2–5. McGrath did not oppose Glass-Inspiration's request for attorneys' fees and costs.

This Court confirmed the arbitration award, holding that McGrath's argument regarding the corporate-dissolution statute was both forfeited and unmeritorious. ECF No. 22 at 5–8. The Court also granted Glass-Inspiration's request for attorneys' fees and costs, explaining that McGrath's opposition to the arbitration award was "premised on a misrepresentation" of the corporate-dissolution statute and was "plainly forfeited under Eighth Circuit case law." *Id.* at 10. The Court concluded that because McGrath had not acted to set aside the arbitration award, but instead simply "offered a clearly losing

2

argument when faced with Glass-Inspiration's motion," an award of attorneys' fees and costs was warranted. *Id.*

Glass-Inspiration now moves for an award of attorneys' fees and costs. ECF No. 25. Glass-Inspiration seeks an award of $26,587.20 in attorneys' fees for the work of its two American attorneys: Jevon Bindman and Carmen Carballo at Maslon LLP (collectively, the "American Attorneys"). *See* ECF No. 28. Glass-Inspiration also seeks an award of €10,902.90 for the work of four Austrian attorneys: Lukas Leitner, Markus Fellner, Lukas Biermayer, and Sheila Milani (collectively, the "Austrian Attorneys"). *See* ECF Nos. 27, 27-1. Glass-Inspiration finally seeks an award of $929.70 in costs. *See* ECF No. 24; ECF No. 28-1 at 10, 27, 32. McGrath has not responded to Glass-Inspiration's motion for attorneys' fees and costs.

## ANALYSIS

Once a court determines that a party is entitled to fees and costs, the primary concern is whether the fees and costs sought are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 893–95 (1984). Even though McGrath does not oppose Glass-Inspiration's motion, it is the Court's responsibility to ensure that an award of fees and costs is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'").

## I.    Attorneys' Fees

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The party seeking

3

attorneys' fees bears the burden of proving the reasonableness of the hours and the rates claimed. *Hensley*, 461 U.S. at 433–34.

However, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and a prevailing party is not entitled to recover for "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434 (citation omitted). That is because the Court is not a rubber stamp for attorneys' fees requests. In determining a reasonable fee award, the Court may also consider other non-exclusive factors, such as (1) the degree of the moving party's success, (2) the novelty and difficulty of the legal questions involved, (3) the skill requisite to perform the legal service properly, (4) the experience, reputation, and ability of the attorneys, and (5) awards in similar cases. *See id.* at 430 n.3. However, the Court recognizes that these factors may be folded into determining the initial lodestar calculation. *See id.* at 434 n.9 (explaining that "many of these factors usually are subsumed within the initial [lodestar] calculation"). At the end of the day, the "essential goal" of calculating reasonable fees is "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The Court will proceed by first determining the number of hours reasonably expended by counsel and then evaluating the reasonableness of counsel's rates.

### a. Reasonable Hours

#### i. Austrian Attorneys

Although there is no rule prohibiting a litigant from having more than one attorney work on its case, "[a] court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." *A.J.*

*ex rel. L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995).  A court should be particularly wary of "over-lawyered" cases when the underlying issues in the case are uncomplicated and straightforward.  *Stutzka v. McCarville*, 243 F. App'x 195, 197 (8th Cir. 2007) (affirming district court's reduction of $103,274.45 fee request to an award of $3,000 due to relative lack of complexity of case); *Lee ex rel. Lee v. Borders*, No. 4:09-cv-1977-TIA, 2014 WL 4811907, at *5 (E.D. Mo. Sept. 26, 2014) (finding that case was over-lawyered when the issues involved were not "novel or overly complex").  This is true even in a complex case where the remaining tasks, such as a motion to confirm an arbitration award or a petition for fees, are more straightforward.  When determining whether a case was over-lawyered, "[t]he trial judge should weigh the hours claimed against [her] own knowledge, experience, and expertise of the time required to complete similar activities."  *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989) (quotation omitted).  A court is also well within its discretion to deny or reduce a fee award for inadequate documentation of those fees.  *See H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991); *see also G.C. v. S. Washington Cnty. Sch. Dist. 833*, No. 17-cv-3680 (DSD/TNL), 2019 WL 1466046, at *2 (D. Minn. Apr. 3, 2019) (reducing fee award for inadequate documentation and collecting cases holding the same).

The Court first observes that many of the time entries of the Austrian Attorneys lack precision and "make it impossible to attribute a particular attorney's specific time to a distinct issue or claim."  *Flygt*, 925 F.2d at 260.  Entries such as "Correspondence enforcement USA," "Update procedure," "Interest claim," "Enforcement in the USA," and "Correspondence and examination of documents" tell the Court nothing about whether the

time spent on those entries were incurred for the purpose of bringing the petition and

motion in this case.  ECF No. 27-1 at 1–2, 6, 8.  Similarly, many of the time entries

reference the Austrian Attorneys' communication with their client, Mr. Feuerhuber, but

most of these entries do not sufficiently illuminate the substance of these correspondences.[1]

The "party petitioning the court for attorney's fees has the burden of producing evidence

that those fees are appropriate."  *MacGregor v. Mallinckrodt, Inc.*, No. 01-cv-828

(DSD/SRN), 2003 WL 23335194, at \*13 (D. Minn. July 21, 2003) (first citing *Hensley*,

461 U.S. at 437; and then citing *Flygt*, 925 F.2d at 260).  This means that the fee applicant

bears the burden of documenting the appropriate hours expended.  *Flygt*, 925 F.2d at 260.

In large part, the Austrian Attorneys simply did not do so here, and the Court cannot award

fees based on "vague description[s]" of these correspondences.  *Grimm v. Cent.*

*Landscaping, Inc.*, No. 07-cv-3215 (JNE/SRN), 2008 WL 3896270, at \*2 (D. Minn.

Aug. 19, 2008).

As for the time entries that are precise enough for meaningful review, many of them

have nothing to do with drafting or researching the petition and motion—the sole issue on

which this Court granted attorneys' fees. *See* ECF No. 22 at 10 (emphasis added) ("[T]he

Court grants Glass-Inspiration's request for its reasonable attorneys' fees and costs *incurred*

*in bringing its petition and this motion*.").  For example, from the Court's review of the

---

[1]    Examples include "Report email to Mr. Feuerhuber regarding sending the documents to the USA; notarization," "Report email to Mr. Feuerhuber regarding sending documents USA," "Supplement mail to Mr. Feuerhuber; further correspondence," "Report mail to Mr. Feuerhuber," "Review of correspondence USA, report email to Mr. Feuerhuber," and "Email to Mr. Feuerhuber regarding current status."  ECF No. 27-1 at 4, 6, 8, 10.

American Attorneys' more precise time entries, it does not appear that Glass-Inspiration

contemplated bringing a petition to confirm the arbitration award until July 10, 2024.  ECF

No. 28-1 at 4.  Nonetheless, the Austrian Attorneys seek thousands of euros in fees for work

done prior to July 10, 2024.  ECF No. 27-1 at 3.  Many of these time entries appear related

to evaluating the award from the International Court of Arbitration and corresponding with

the International Court of Arbitration.  *Id.*  Those fees were clearly not incurred for the

purpose of bringing the petition and motion.

To be fair, there are a handful of time entries by the Austrian Attorneys that are

specific and appear related to the petition and motion.[2]  But it is unclear why the American

Attorneys needed to consult with four foreign attorneys to file the petition and motion.

Both the petition and motion involved relatively straightforward issues of American

arbitration and corporate law, and the Austrian Attorneys' paltry declaration, *see* ECF

No. 27, does not explain why the American Attorneys would require the expertise of

Austrian practitioners for this lawsuit in an American court.   Based on the Court's

"knowledge, experience, and expertise," the Court is quite confident that the involvement

of six attorneys was not needed to bring this relatively uncomplicated petition and motion.

*Gilbert*, 867 F.2d at 1066; *see also Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp.

2d 516, 519, 521 (E.D. La. 2012) (holding that six attorneys working on a motion to compel

discovery was an "overuse of resources" and awarding fees for only three attorneys); *Sea*

---

[2]     Examples include "Examination of factual and legal situation regarding
enforcement of arbitration award in Minnesota" and "Review, examination of draft
pleadings and memo regarding recognition of the arbitral award."  ECF No. 27-1 at 4, 8.

*Spray Holdings, Ltd. v. Pali Fin. Grp., Inc.*, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003) (reducing fee award for fees claimed by six attorneys on a motion to dismiss because the attorneys failed to show "that the services of all of these attorneys . . . were necessary and reasonable"); *Jacob v. Bais Yisroel Cmty. Ctr. of Tampa Bay, LLC*, No. 8:23-cv-2703-KKM-AAS, 2024 WL 2978321, at *1 & n.3 (M.D. Fla. June 13, 2024) (holding that fee applicant failed to show why six attorneys were necessary for a default judgment proceeding, particularly given that only three attorneys noticed an appearance).

Accordingly, even if the Court were to overlook the inadequacies in the Austrian Attorneys' time entries, the Court will not award fees for the services of the Austrian Attorneys because they fail to meet their burden to show how their services were necessary and appropriate for litigating the petition and motion. *See Hensley*, 461 U.S. at 437.

### ii. American Attorneys

In contrast to the Austrian Attorneys' time entries, the American Attorneys' time entries are detailed and clear, which allows the Court to conduct a "meaningful review" as required for "excessive, redundant, or otherwise unnecessary hours." *Flygt*, 925 F.2d at 260 (citation omitted) (internal quotation marks omitted). The Court concludes that the great majority of time spent on this case by the American Attorneys was reasonable to bring the petition and motion. And, in the absence of any objection from McGrath, the Court will also award Glass-Inspiration its reasonable attorneys' fees incurred in bringing the instant motion for attorneys' fees and costs. *See United States v. Bos. Sci. Corp.*, No. 11-cv-2453 (JNE/TNL), 2021 WL 4030274, at *9 (D. Minn. Sept. 3, 2021) (citation omitted) (alteration in original) ("[A] party moving for attorneys' fees may also recover fees for the

8

time expended in filing a motion for attorneys' fees."). However, because the Court

determined that the assistance of the Austrian Attorneys was not necessary to bring the

petition and motion, the Court removes 3.4 hours from time entries relating to the Austrian

Attorneys.[3] Accordingly, the Court will award fees for 17.2 hours of time for Bindman and

47.9 hours of time for Carballo.

### b. Reasonable Rates

"A reasonable hourly rate is usually the ordinary rate for similar work in the

community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th

Cir. 2001). Counsel bear the burden of "produc[ing] satisfactory evidence—in addition to

the attorney's own affidavits—that the requested rates are in line with those prevailing in

the community for similar services by lawyers of reasonably comparable skill, experience

and reputation." *Blum*, 465 U.S. at 895 n.11. District courts may also "rely on their own

experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825

(8th Cir. 2005). Because the Court will only award fees for the American Attorneys, the

---

[3]    Specifically, the Court excludes the following time entries: "Draft email to L. Leitner regarding potential lawsuit to enforce award" (0.5 hours), "Edit petition to confirm award based on notes from S. Milani" (0.5 hours), "Respond to email from S. Milani regarding timing for motion to confirm and enforcement proceedings" (0.2 hours), "Respond to email from L. Leitner regarding timing and cost of motion to confirm arbitration award" (0.2 hours), "Attention to email from S. Milani regarding motion to confirm arbitration award; direct C. Carballo regarding response to same" (0.2 hours), "Draft email to L. Leitner regarding reply brief" (0.5 hours), "Emails with L. Leitner regarding proposed order and finalizing reply brief" (0.3 hours), and "Email conference with J. Bindman regarding foreign attorneys' fees; email conference with client regarding the same; perform legal research on the same" (1 hour). *See* ECF No. 28-1 at 4, 9, 14, 20, 31, 36–37.

Court will only calculate the reasonable rates of Bindman and Carballo.

Bindman is a Partner at Maslon LLP and charges $400 per hour.  ECF No. 28-1 at 5.

Carballo is an Associate at Maslon LLP and charges $375 per hour.  *Id.*  In support of their

fee request, the American Attorneys submit only a declaration from Bindman himself, who

summarily opines that his and Carballo's hourly rates are reasonable.  *See* ECF No. 28 ¶ 5.

The American Attorneys provide no evidence of their "skill, experience and reputation" on

which to base an evaluation of reasonableness.  *Blum*, 465 U.S. at 895 n.11.  Because the

American Attorneys have provided essentially no evidence of the reasonableness of their

rates, the Court will look to cases involving similar services to determine a reasonable rate

for an average partner and associate at a reputable, mid-size law firm[4] practicing in this

District.  *See Midwest Disability Initiative v. Nelmatt, LLC*, 344 F. Supp. 3d 1047, 1051–

52 (D. Minn. 2018) (looking to comparable cases to determine an attorney's reasonable

rate when the attorney provided only his own opinion that his rates were reasonable).

The Court believes that Bindman's hourly rate of $400 is reasonable, but that

Carballo's hourly rate should be adjusted downward from $375 to $300.  The Court is

directed to look to cases litigated in Minnesota involving "similar services."  *Blum*, 465

U.S. at 895 n.11.  In this case, the Court considers the services rendered by Bindman and

Carballo to confirm an arbitration award to be relatively straightforward: the petition and

motion involved uncomplicated issues of corporate law.  And as the Court has noted before,

McGrath's opposition to the motion was nominal at best.  *See* ECF No. 22 at 10.

---

[4]    The Court is aware, from its "own experience and knowledge," that Maslon LLP is
a well-respected, mid-size law firm in the Twin Cities.  *Hanig*, 415 F.3d at 825.

In looking to cases involving uncomplicated motions and proceedings litigated in this District, an hourly rate of $400 for a partner appears appropriate, but an hourly rate of $375 for an associate seems high. *See, e.g.*, *Stewart v. Golden Victory Med. LLC*, No. 22-cv-2145 (ECT/LIB), 2024 WL 1285920, at *10 (D. Minn. Mar. 26, 2024) (for a default judgment proceeding, hourly rates of $445 to $500 for partners and $250 for associate were reasonable); *Huntington Nat'l Bank v. Green Sheet Mktg., LLC*, No. 21-cv-2000 (WMW/DTS), 2022 WL 17127765, at *5 (D. Minn. Nov. 22, 2022) (for a default judgment proceeding, hourly rates for partners and associates between $335 and $355 were reasonable); *Eclipse Sportswire v. Sports Moments Plus, LLC*, No. 21-cv-1638 (WMW/BRT), 2022 WL 2841405, at *4–5 (D. Minn. July 19, 2022) (for a default judgment proceeding, hourly rates of $475 for partner and $300 for associate were reasonable); *COKeM Int'l, Ltd. v. MSI Ent. LLC*, No. 19-cv-3114 (JRT/HB), 2021 WL 6231377, at *1–2 (D. Minn. Oct. 15, 2021) (for a motion to compel discovery, hourly rates between $405 and $520 for partners and $290 for associate were reasonable); *Kaah Express FS, Inc. v. Osman*, No. 06-cv-3781 (JRT/FLN), 2007 WL 3232519, at *1 & n.2 (D. Minn. Oct. 31, 2007) (in a contempt proceeding, hourly rates of $375 for partners and $310 for associates were reasonable). Reducing Carballo's hourly rate is further warranted given the "limited evidence" the American Attorneys have provided regarding Carballo's specific experience (as just one example, whether Carballo is a senior, mid-level, or junior associate). *Stewart*, 2024 WL 1285920, at *10. Therefore, although the Court finds Bindman's hourly rate of $400 to be reasonable, the Court will reduce Carballo's hourly rate to $300 to be reasonable and consistent with District practice.

Applying Bindman's and Carballo's reasonable hourly rate to the hours reasonably expended in this litigation leads to a lodestar amount of $21,250.00. In the absence of any objection by McGrath, the Court will award this amount of attorneys' fees, which carries a "strong presumption" of reasonableness. *Beckler v. Rent Recovery Sols., LLC*, 83 F.4th 693, 695 (8th Cir. 2023) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

## II.    Costs

The American Attorneys seek $929.70 in court costs, service of process costs, and computerized legal research costs. *See* ECF No. 24; ECF No. 28-1 at 10, 27, 32. These amounts are undisputed, and the Court finds them to be reasonable and supported by the record. This amount includes the $405.00 cost judgment already entered by the Clerk of Court. *See* ECF No. 32.

### CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Glass-Inspiration's Motion for Attorneys' Fees and Costs (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART**.

2.    Glass-Inspiration is awarded $21,250.00 in attorneys' fees and $929.70 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 18, 2025                         *s/Laura M. Provinzino*
                                              Laura M. Provinzino
                                              United States District Judge

12